**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| VERONICA ADRIAN, | Nos. 05-74977, 05-76059 |
| Petitioner, | Agency No. A079-540-913 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2010[**]
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Veronica Adrian petitions for review of (1) the Board of Immigration

Appeals' affirmance of the immigration judge's denial of Adrian's application for

asylum and request for withholding of removal and CAT relief (No. 05–74977)

and (2) the BIA's denial of her motion to reconsider (No. 05–76059). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252. We grant in part Adrian's petition for review in No. 05–74977 and remand for further proceedings, and we deny as moot her petition in No. 05–76059.

We review de novo the BIA's determination of purely legal issues. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). We review for substantial evidence the BIA's denial of asylum, withholding of removal, and CAT relief. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007).

The BIA ruled that Adrian's application for asylum was not timely filed and that its tardiness was not excused by extraordinary circumstances. As an initial matter, we have jurisdiction to review the BIA's determination because the facts are undisputed and a pure question of law is presented. 8 U.S.C. § 1252(a)(2)(D); *Husyev v. Mukasey*, 528 F.3d 1172, 1179–81 (9th Cir. 2008).

Adrian's claim was that she was defrauded by the Chinese Indonesian American Society ("CIAS"), which is not a law firm or an attorney. The CIAS agreed to file Adrian's application for $2000, confirmed receipt of her down payment, and responded to Adrian's repeated inquiries as to the status of her application with assurances that it would be filed on time. Nonetheless, the application was filed approximately two months late.

2

The BIA based its determination that extraordinary circumstances did not excuse Adrian's late filing solely on Adrian's failure to comply with the procedural requirements for bringing ineffective assistance of counsel claims under 8 C.F.R. § 1208.4(a)(5)(iii). But Adrian did not allege ineffective assistance of counsel; she alleged that she was defrauded by non-lawyers. Section 1208.4(a)(5)(iii) does not strictly fit this situation. Therefore, the BIA should have considered whether the circumstances as a whole were sufficiently extraordinary, rather than requiring strict compliance with the regulation.

We therefore grant in part Adrian's petition in No. 05–74977 and remand to the BIA to reconsider Adrian's claim of extraordinary circumstances. *INS v. Ventura*, 537 U.S. 12, 17 (9th Cir. 2002) (per curiam).

We also grant Adrian's petition with respect to withholding of removal and remand for the BIA to consider Adrian's membership in a "disfavored group" in light of our decision in *Wakkary v. Holder*, 558 F.3d 1049, 1062–65 (9th Cir. 2009), which had not been decided at the time of the BIA's decision. We deny Adrian's petition as it relates to CAT relief because there is no evidence in the record that Adrian is likely to be tortured if she returns to Indonesia. Finally, we deny as moot Adrian's petition for review of the BIA's denial of her motion for reconsideration.

3

Petition for review in No. 05–74977 is GRANTED IN PART, DENIED IN PART;  REMANDED.  Petition for review in No. 05–76059 is DENIED.  Each party shall bear its own costs on appeal.